UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| TERRY MORRIS ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | |
| ) | |
| THE HONORABLE JOHN C. PHELAN ) | |
| SECRETARY THE NAVY ) | |
| 720 KENNON ST., SE, ROOM 233 ) | |
| WASHINGTON NAVY YARD, DC 20374-5013 ) | |
| ) | CASE NO. 25-2416 |
| DEFENDANT. ) | |
| ) | |
| ALSO SERVE: ) | |
| ) | |
| 1. LINDSEY HALLIGAN ) | |
| THE UNITED STATES ATTORNEY FOR ) | |
| THE EASTERN DISTRICT OF VIRGINIA ) | |
| 2100 JAMIESON AVENUE ) | |
| ALEXANDRIA, VA 22314 ) | |
| ) | |
| AND ) | |
| ) | |
| 2. PAMELA BONDI ) | |
| THE ATTORNEY GENERAL OF THE ) | |
| UNITED STATES ) | |
| 950 PENNSYLVANIA AVENUE, NW ) | |
| WASHINGTON, D.C. 20530-0001 ) | |

## COMPLAINT

This is a complaint for declaratory judgment to declare the decision of the Deputy Assistant Secretary of the Navy (Review Boards) and the Board for Correction of Naval Records (hereafter "BCNR") through BCNR Docket number 10425-23, final agency action, to have been an arbitrary and capricious abuse of discretion, contrary to law and regulation in violation of the Administrative Procedure Act, 5 U.S.C. § 702 et seq.

JURISDICTION

1. Jurisdiction in this matter is conveyed by 28 U.S.C. § 1331 and by the Administrative Procedure Act, 5 U.S.C. § 702 et seq.

VENUE

2. Venue is proper as the Defendant are found in this District and where the Defendant is the United States.

PARTIES

3. Plaintiff is a retired Captain from the United States Navy. He currently resides in Winter Garden, Florida.

4. Defendant, The Honorable John Phelan, in his official capacity is the Secretary of the Navy.

FACTS

5. Plaintiff served on active duty as a commissioned officer, continuously, in the United States Navy from April 29, 1989, through July 31, 2018.

6. He attained the rank of Captain / O-6 and retired with an Honorable characterization of service. The narrative reason for separation is "unacceptable conduct" and the separation code is "SNC," which corresponds to unacceptable conduct.

7. On 2 June 2015, Plaintiff was assigned to Chief of Naval Operations ("CNO") Executive Panel ("N00K"), located at the Center for Naval Analyses ("CNA") building at 3003 Arlington, Blvd, Arlington, VA.

8. Almost a year later, in June 2016, a preliminary command investigation was initiated due to allegations of poor command climate and sexual harassment.

9. The investigation was, in part, initiated as a result of an allegation by Ms. Maria Kurta, Plaintiff's executive assistant. Ms. Kurta was the wife of Mr. Anthony Kurta, who at the time, acting as the Under Secretary of Defense for Personnel and Readiness.

10. Mr. Kurta enjoyed substantial influence within the Department of Defense, including on matters of personnel. In that position, he had the authority to control the various military boards for correction, including the Board for Correction of Naval Records, as well as the service Secretaries' exercise of discretion on the matter of correcting military records. This authority is evidenced by the infamous "Kurta Memo," a memorandum dated August 25, 2017, from Mr. Kurta to the Secretaries of the Military Departments instructing the Service Secretaries and the various military correction boards on revised guidance for the correction of military records.

11. Ms. Kurta never raised her allegations at the time that they allegedly occurred. Rather, in the summer of 2016, due to a restructuring, Ms. Kurta's position was being eliminated and Plaintiff was scheduled to change assignments. Ms. Kurta sought the recommendation and assistance of Plaintiff to help her get a new position. Plaintiff decided not to request a position for her. Ms. Kurta admitted getting into an argument with Plaintiff about this matter.

12. Later in June 2016, Ms. Kurta first disclosed the allegations against Plaintiff when she was speaking with Dr. Maren Leed, a different Government official, who Ms. Kurta ultimately went to work for. Dr. Leed reported the allegations and the preliminary investigation followed.

13. After the preliminary investigation, on 25 July 2016, Naval Criminal Investigative Service ("NCIS") initiated an investigation into Plaintiff. The NCIS investigation was directed in part towards the allegation of sexual harassment made by Ms. Kurta between 2015 and July 2016.

14. The allegations made against Plaintiff by Ms. Kurta included that he touched her on her shoulders, legs and back; and asked for hugs. In addition, she alleged an incident occurred in which he commented on her weight loss while tugging on her pants inside her waistline. Plaintiff repeatedly denied that such behavior occurred.

15. On 12 December 2016, Plaintiff was offered and refused non-judicial punishment ("NJP") for the alleged violation of Uniform Code of Military Justice ("UCMJ"), Article 92 (Sexual Harassment).

16. Despite demanding a General Court-Martial, none was convened, and instead an administrative BOI was ordered.

17. At the BOI, three Admirals were appointed to sit as members of the board. Over the objection of Plaintiff's counsel, the BOI permitted acting Under Secretary of Defense, Mr. Anthony Kurta, to sit in the BOI hearing, that is closed to the public, and make his presence known to the board members, during his wife's testimony.

18. Ms. Kurta's testimony was the only, uncorroborated, account of her allegations.

19. Plaintiff denied the accusations in an unsworn statement to the BOI. An unsworn statement is a form of testimony permitted in administrative hearings in the military. The person making an unsworn statement is still subject to the UCMJ and is legally prohibited from making a false statement, but the unsworn statement cannot be cross-examined.

20. During the board members' deliberation, the board president requested to speak with the board legal advisor over four general questions. Ordinarily, and per applicable Department of the Navy regulations, the board may not have ex-parte communications with the legal advisory. In this case, the board did.

21.     The board president later noted on the record that he had conversations with the legal advisor outside of the presence of the Government counsel and Plaintiff's counsel. Among other issues, the board members asked questions about the consideration of Plaintiff's unsworn statement to the board.

22.     At the conclusion of the BOI, the board unanimously concluded that there was a preponderance of the evidence to support a finding that CAPT Morris committed the accusations against Ms. Kurta as a violation of Article 92 of the UCMJ, and that a preponderance of the evidence supported a finding of substandard performance by his failure to conform to prescribed standards of military deportment for the same conduct.

23.     When a Board of Inquiry considers substantiated conduct by a retirement eligible officer, the BOI is instructed to recommend whether the Officer should be retired in their current grade or reduced in grade for retirement. In this case, the board recommended that Plaintiff receive an Honorable characterization of service and retire in the grade of Captain (0-6), his grade at the time of the BOI.

24.     The BOI recommendation worked its way up to the Secretary of the Navy but first was reviewed and received recommendations from the commanders of the Naval District Washington, and Naval Personnel Command, both of which concurred with the BOI recommendation to retire Plaintiff in the rank of Captain / O-6.

25.     Two years later in June 2018, despite the board's recommendation, the then-Secretary of the Navy departed from the recommendation of the BOI, the commander of the Naval District Washington, and the commander of the Naval Personnel Command, by ordering Plaintiff's discharge be characterized as unsatisfactory conduct and he be reduced in grade to Commander / O-5.

26. Plaintiff appealed to the Board for Correction of Naval Records through docket number 10425-23.

27. Plaintiff's counsel asserted four primary arguments to the BCNR as separate bases warranting relief:

   a. The BOI's conclusion to substantiate the allegation was not supported by substantial evidence;

   b. Prejudicial procedural errors were committed during the BOI;

   c. Unlawful Command Influence by the involvement and presence of the acting Under Secretary of Defense for Personnel and Readiness;

   d. Plaintiff served honorably in the rank of Captain warranting retirement in that grade.

28. The BCNR considered the arguments by counsel for Plaintiff. In its decision, in response to ever asserted basis of error, the BCNR cited to the "presumption of regularity" as a controlling its consideration of the arguments presented. Specifically, the BCNR used nearly identical reasoning for each asserted error in its decision to improperly use the presumption of regularity to presume that the decisions made by agency officials were legally correct:

> In the absence of evidence to the contrary, the Board applies the presumption of regularity to establish that naval officials properly performed their functions. In this regard, the Board presumes that every naval official who reviewed the BOI findings also carefully considered the objection raised in [Plaintiff's Post Hearing Written Appeal]. The Board also presumes that each of these officials received advice from qualified legal advisors regarding Petitioner's arguments, and that each of these legal advisors properly analyzed the argument and provided sound legal advice to the official. While the Board is obviously not bound by the decisions made by these officials, the presumption of regularity provides strong basis to reject this argument.

CLAIM I

29.     The Defendant's departure from the considered recommendation to retire Plaintiff in the rank of Captain / O-6 from the BOI, with the concurrence of the Commander of the Naval District of Washington and the Commander of Naval Personnel Command, without any additional evidence or legal reasoning provided, acted arbitrarily, capriciously, and contrary to law and regulation in violation of 5 U.S.C. §706 and 10 U.S.C. §1370.

## CLAIM II

30.     The Defendant, through the action of the BCNR, acted arbitrarily, capriciously, and contrary to law and regulation in violation of 5 U.S.C. §706, when it misapplied the administrative presumption of regularity as a basis to presume that agency officials' decisions were legally correct, and where it used that incorrect presumption as a basis to deny the requested relief.

## CLAIM III

31.     The Defendant, through the action of the BCNR, acted arbitrarily, capriciously, and contrary to law and regulation in violation of 5 U.S.C. §706, when it found that no unlawful command influence, or other unjust or improper influence, could have existed by action of the acting Under Secretary of Defense for Personnel and Readiness over the active duty Naval Officers assigned to the administrative separation board or to the myriad other reviewing officials in the Department of the Navy to include the Secretary of the Navy.

## PRAYER FOR RELIEF

32.     WHEREFORE, Plaintiff respectfully requests that:

    This Honorable Court order that Defendant reverse the decision of the Secretary of the Navy to retire Plaintiff in the rank of Commander / O-5;

This Honorable Court order that Defendant correct Plaintiff's DD214 to show that he retired in the rank of Captain / O-6;

This Honorable Court order that Defendant correct Plaintiff's DD214 to remove any references to unacceptable conduct, specifically the Narrative Reason for Separation of "Unacceptable Conduct" and the Separation Code of "SNC" (Unacceptable Conduct);

This Honorable Court grant such other relief as deemed appropriate; and

This Honorable Court grant attorney's fees.

Respectfully submitted,

Date: December 22, 2025

BRIAN PRISTERA
Counsel for Plaintiff
Virginia Bar # 90253
20079 Stone Oak Parkway
Suite 1105-506
San Antonio, TX 78258
Ph: 210-934-8265
Email: conway@militaryattorney.com
Fax: 210-783-9255